1  Jennifer J. Johnston (State Bar No.: 125737)
   Email: jjohnston@condonlaw.com
2  Justin M. Schmidt (State Bar No.: 309656)
   Email: jschmidt@condonlaw.com
3  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 1050
4  Los Angeles, California 90067
   Telephone: (310) 557-2030
5  Facsimile: (310) 557-1299

6  Attorneys for Defendant
   ORD LIFT & GSE INCORPORATED
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 | ERIKA SULPACIO JONES,              ) Case No.
   |                                    )
12 |         Plaintiff,                 ) **NOTICE OF REMOVAL OF**
   |                                    ) **CIVIL ACTION PURSUANT TO**
13 |     vs.                            ) **28 U.S.C. § 1441 ON THE**
   |                                    ) **GROUNDS OF DIVERSITY OF**
14 | SOUTHWEST AIRLINES CO.;            ) **CITIZENSHIP UNDER 28 U.S.C. §**
   | UNITED STATES AVIATION             ) **1332**
15 | UNDERWRITERS INC.; ORD LIFT &      )
   | GSE INC.; and DOES 1 to 20, inclusive, )
16 |                                    )
   |         Defendants.                )
17 |                                    )

18  TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

19  CENTRAL DISTRICT OF CALIFORNIA:

20       Defendant ORD Lift & GSE Incorporated (hereinafter "ORD Lift & GSE,

21  Inc."), by and through its attorneys of record, Condon & Forsyth LLP, hereby

22  removes this pending action from the Superior Court of the State of California for

23  the County of Los Angeles to the United States District Court for the Central

24  District of California on the following grounds:

25       1.    On December 16, 2025, there was filed in the Superior Court of the

26  State of California for the County of Los Angeles the attached Complaint bearing

27  Case No.: 25LBCV03423 in the records and files of that court. A true and correct

28  copy of the Complaint ("Compl.) filed in the state court is attached as Exhibit "A.".

2. On December 18, 2025, ORD Lift & GSE, Inc. received by e-mail a courtesy notice of the filing of the Summons and Complaint from counsel for plaintiff Erika Sulpacio Jones. Thus, the thirty (30) day period for removal provided in 28 U.S.C. § 1446(b) has not yet elapsed.

3. This is a civil action by plaintiff Erika Sulpacio Jones (hereinafter referred to as "Plaintiff") against Southwest Airlines Co., United States Aviation Underwriters Inc., and ORD Lift & GSE, Inc. seeking damages for personal injuries. *See* Compl., Ex. A.

4. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by ORD Lift & GSE, Inc. pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Plaintiff is a resident and citizen of the State of California for the purposes of 28 U.S.C. § 1332.

6. ORD Lift & GSE, Inc. is not now and never has been a resident or citizen of the State of California. ORD Lift & GSE, Inc. is now and was at all times relevant to this action a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Schiller Park, Illinois.

7. ORD Lift & GSE, Inc. is informed and believes that neither Southwest Airlines Co. nor United States Aviation Underwriters Inc. have been properly joined and served, and therefore, their joinder or consent is not required for the removal of the action. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) ("At the time of removal, only those defendants who have been properly joined and served need provide their consent." (citing *Baiul v. NBC Sports*, 732 F. App'x 529, 531 (9th

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

Cir. 2018)).

8. Based upon information and belief, Southwest Airlines Co. is now and was at all times relevant to this action a corporation organized and existing under the laws of the State of Texas, with its principal place of business located in Dallas, Texas, and United States Aviation Underwriters Inc. is now and was at all times relevant to this action a corporation organized and existing under the laws of the State of New York, with its principal place of business located in New York, New York. *See* California Secretary of State Statement of Information for Southwest Airlines Co., Ex. B; California Secretary of State Statement of Information for United States Aviation Underwriters Inc., Ex. C.

9. Therefore, complete diversity of citizenship exists between Plaintiff and all Defendants, and this case has been properly removed to this Court under 28 U.S.C. §§ 1332 and 1441.

10. Defendants identified as "DOES 1 to 20" in Plaintiff's Complaint are merely fictitious parties against whom no cause of action can be validly alleged. To the best of ORD Lift & GSE, Inc.'s information and belief, no fictitiously designated defendant has been served with process. The citizenship of defendants sued under fictitious names, therefore, must be disregarded pursuant to 28 U.S.C. § 1441(b)(1).

11. Plaintiff alleges damages for personal injury against defendants. *See* Compl., Ex. A. Because § 425.10 (b) of the California Code of Civil Procedure prevents a plaintiff in an action for personal injury from claiming a specific dollar amount of actual damages in the complaint, Plaintiff's Complaint does not specify the amount of damages she attributes to any personal injury.

12. However, "[w]here, as here, 'a plaintiff's state court complaint does not specify a particular amount of damages, the removing [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds' the threshold at the time of removal." *Canela v. Costco Wholesale Corp.*,

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332

- 3 -

971 F.3d 845, 849 (9th Cir. 2020) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

13. "[A] defendant's notice of removal needs only a 'plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Lugo v. Costco Wholesale Corp.*, No. 8:22-CV-01349-JWH-KES, 2022 WL 4079265, at *1 (C.D. Cal. Sept. 6, 2022) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). The defendant's notice of removal "'need not contain evidentiary submissions.'" *Id.* (quoting *Owens*, 574 U.S. at 84). "'Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.'" *Id.* (quoting *Owens*, 574 U.S. at 89).

14. The preponderance of the evidence here establishes that Plaintiff is seeking damages in excess of $75,000. Plaintiff's attorneys sent the insurer for ORD Lift & GSE, Inc. a letter with Plaintiff's medical records and have stated in the letter that Plaintiff's medical expenses total $154,628.68 and they are seeking a recovery which is well in excess of $75,000.[1] *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("We previously have held that '[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" (quoting *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002)).

15. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, defendant ORD Lift & GSE, Inc. prays that the above-entitled action now pending in the Superior Court of California for the County of

---

[1] Should the Court so request, ORD Lift & GSE, Inc. will provide the Court with a copy of Plaintiff's letter.

1  Los Angeles, be removed to this Court.

2

3  Dated: January 14, 2026                    CONDON & FORSYTH LLP

4

5                                             By: _____
6                                              JENNIFER J. JOHNSTON
                                               JUSTIN M. SCHMIDT
7                                              Attorneys for Defendant
                                               ORD LIFT & GSE INCORPORATED

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332      - 5 -

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 1050, Los Angeles, California 90067-6036. On January 14, 2026, I served the within document(s) as follows:

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332; CIVIL COVER SHEET**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below.

☐ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service)**: I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☒ **(By Electronic Service):** I caused the above-referenced document(s) to be delivered to the e-mail address of the person(s) on record with the Court in this matter as set forth below:

☐ **(By Overnight Courier)**: I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

> John Hatch, Esq.
> Injury Legal Center, P.C.
> 2922 Daimler St.,
> Santa Ana, CA 92705
> Telephone: (949) 756-9300
> Emails: ilclit@injurylegalcenter.net

**(Federal)**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 14, 2026, at Los Angeles, California.

*Hannah Beck-Kilps*
Hannah Beck-Kilps